UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                              Criminal Case No. 19-20742
                              Honorable Linda V. Parker

WILLIAM TIBBS,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF NO. 26]

On December 11, 2019, Defendant William Tibbs pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of Bank Robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 16 at Pg ID 41.) On June 29, 2020, this Court sentenced Mr. Tibbs to a term of imprisonment of sixty-three months, followed by two years of supervised release, and ordered him to pay approximately six hundred dollars in restitution to Chase Bank. (ECF No. 25 at Pg ID 94, 95, 98.) Mr. Tibbs is currently located at the FMC Butner in Butner, North Carolina. The matter is presently before the Court on Mr. Tibbs' motion for compassionate release pursuant to 18 U.S.C. § 3582(c) due to a diagnosis of prostate cancer. (ECF No. 26.) The Government has filed a response to the motion, ECF No. 29, and

subsequent sealed exhibits including Mr. Tibbs' medical records.  (ECF No. 30.) (under seal).  For the reasons below, the Court is denying Mr. Tibbs' motion.

## APPLICABLE LAW

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

## ANALYSIS

Parties agree that Mr. Tibbs has exhausted his administrative remedies set forth in 18. U.S.C. § 3582(c)(1)(A).  (ECF No. 26 at Pg ID 101; ECF No. 29 at Pg ID 118.)  In support of his motion, Mr. Tibbs maintains that he should be granted

2

compassionate release because of his diagnosis of late-stage prostate cancer.[1] Specifically, Mr. Tibbs seeks compassionate release "so that [he] may get [his] affairs in order while [he is] still able to work," explaining that he would like to "leave [his] daughter and grandchildren . . .something." (ECF No. 26 at Pg ID 101.)

While Mr. Tibbs does not make any legal arguments in support of his motion, the Government maintains that Mr. Tibbs' circumstances are not extraordinary or compelling, but even if they were, the § 3553(a) factors do not weigh in favor of reducing his sentence and the danger of granting early release weigh against granting the motion. (*See* ECF No. 29 at Pg ID 122.) First, while the Court certainly does empathize with Mr. Tibbs' condition, it does not rise to the level of extraordinary and compelling. Not only is Mr. Tibbs able to function day to day, albeit with bladder issues, but he is receiving proper medical care while in custody with the Bureau of Prisons ("BOP"). This care includes regular three-month check-ins with a urologist and likely plans for further treatments as

---

[1] On July 6, 2021, Mr. Tibbs had surgery to remove the cancer. However, pathology results revealed that his "cancer had escaped the capsule and is now in [his] seminal vesticle." (ECF No. 26 at Pg ID 100.) Mr. Tibbs also attached an exhibit listing his current underlying medical conditions in consideration of compassionate release, which includes the following: gastroesophageal reflux disease, hyperlipidemia, glaucoma, headaches, type-II diabetes; and hypertension. (*Id.* at Pg ID 109.)

3

necessary. (ECF No. 29 at Pg ID 124.) The Government also notes that Mr. Tibbs may not receive such comprehensive care if he is released. (*Id.*)

Next, the Court agrees that Mr. Tibbs' criminal history weighs against his early release. Mr. Tibbs has an extensive criminal history dating back as early as 1982. (PSR ¶¶ 35–48). This includes five convictions for receiving/concealing stolen property, five convictions for breaking and entering, three convictions for stealing or attempting to steal a motor vehicle and a conviction for larceny. (*Id.*) During March 2007, Mr. Tibbs robbed three banks, indicating to the teller in one occurrence that he was armed. (PSR ¶ 47.) Mr. Tibbs pleaded guilty to three counts of bank robbery and received a sentence of one hundred months in prison. (*Id.*) However, once on supervised release, Mr. Tibbs violated those terms by failing to return to the Reentry program and was subsequently sent back to prison in 2018. (*Id.*) The robbery involved in the underlying case occurred five months after his release from custody.

Because Mr. Tibbs has not demonstrated any extraordinary and compelling circumstances to warrant his release, and due to his extensive criminal history, the Court must deny Mr. Tibbs' request for compassionate release. Again, the Court empathizes with Mr. Tibbs and is pleased to know that he is receiving the care that he needs. With a release date of December 19, 2024, Mr. Tibbs is more than

4

halfway done with his current sentence and will soon be able to return to his family and build the legacy he desires.

Accordingly,

**IT IS ORDERED** that the motion for compassionate release (ECF No. 26) is **DENIED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: March 17, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 17, 2023, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan
                                                Case Manager